Eric J. Hardeman (State Bar No. 253489)
ejhardeman@jonesday.com
JONES DAY
3161 Michelson Dr., Ste 800
Irvine, CA 92612
Telephone:  (949) 851-3939
Facsimile:  (949) 553-7539

Attorney for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT KIERSTEAD<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendant. | Case No.: 10-cv-1694 AG (MLGx)<br><br>**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:    April 11, 2011**<br>**Time:    10:00 a.m.**<br>**Place:   Courtroom 10D**<br>**Judge:   Hon. Guilford** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 11, 2011 at 10:00 a.m., or as soon thereafter as the parties may be heard, in Courtroom 10D of the above-entitled court, located at 411 West 4th Street, Santa Ana, California, Defendant Experian Information Solutions, Inc. ("Experian") will, and hereby does, move this Court pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the District of Maine for the convenience of the parties and witnesses, and to serve the interests of justice.

IRI-17157v1

1    This Motion is based on this Notice of Motion; the Memorandum of Points

2  and Authorities attached hereto; the accompanying declarations of Eric J.

3  Hardeman and Teresa Iwanski; the pleadings and other documents on file with the

4  Court herein; and such further evidence or argument as the Court properly may

5  consider at or before the hearing on this Motion.

6    Experian certifies that this Motion follows a conversation with Plaintiff's

7  counsel regarding this motion pursuant to Local Rule 7-3 which occurred on

8  January 6, 2011.

9

10  Dated:  March 11, 2011                    Respectfully submitted,

11

12                                           /s/ Eric J. Hardeman
                                             Eric J. Hardeman
13                                           JONES DAY
                                             3161 Michelson Drive, Suite 800
14                                           Irvine, CA  92612
                                             Telephone:  (949) 553-7545
15                                           Facsimile:   (949) 553-7539

16                                           *Attorneys for Defendant*
                                             *Experian Information Solutions, Inc.*
17

18

19

20

21

22

23

24

25

26

27

28

IRI-17157v1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   FACTUAL BACKGROUND ..................................................................... 2

III.  ARGUMENT ............................................................................................ 3

    A.   A COURT HAS BROAD DISCRETION TO TRANSFER VENUE UNDER SECTION 1404 ................................................... 3

    B.   THE COURT SHOULD TRANSFER VENUE TO THE DISTRICT OF MAINE .................................................................. 4

        1.   Jurisdiction and Venue are Proper in the District of Maine ...... 4

        2.   Private Interest Factors Warrant Transfer to the District of Maine ............................................................................................. 5

            (a)   Plaintiff's Choice of Forum is Not Entitled to Deference ........................................................................... 5

            (b)   The Causes of Action Arose in Maine ............................. 6

            (c)   Plaintiff has no Connection to this District ..................... 6

            (d)   Third Party Witnesses and Evidence are Located in Maine .............................................................................. 6

        3.   Public Interest Factors Warrant Transfer to the District of Maine ............................................................................................. 9

            (a)   The District of Maine has a Local Interest in Resolving this Controversy ............................................. 9

            (b)   Plaintiff's Common Claw Claims Create Unnecessary Conflict of Law Issues ............................. 10

            (c)   It Would Be Unfair to Impose Jury Duty on California Citizens When this District has No Connection to this Action ............................................... 10

        4.   The Result of the Balance of Factors Favors Experian ............ 10

IV.   CONCLUSION ........................................................................................ 11

1

# TABLE OF AUTHORITIES

2

3

**Page**

## <u>CASES</u>

4

*Allstar Marketing Group, LLC v. Your Store Online, LLC,*
    666 F.Supp.2d 1109, 1130 (C.D. Cal. 2009) ............................4

5

*Amini Innovation Corp. v. JS Imports, Inc.,*
    497 F.Supp.2d 1093, 1111 (C.D. Cal. 2007) ............................7

6

7

*Bohara v. Backus Hosp. Medical Benefit Plan,*
    390 F. Supp. 2d 957, 962 (C.D. Cal. 2005) ............................4

8

*Bracket v. Hilton Hotels Corp.,* 619 F.Supp.2d 810, 820 (N.D. Cal., 2008) ............1

9

*Corrigan v. Bjork Shiley Corp.,*
    182 Cal.App.3d 166, 179 (1987) ............................10

10

*Metz v. U.S. Life Ins. Co. in City of New York,*
    674 F.Supp.2d 1141, 1147 (C.D. Cal. 2009) ............................7, 8

11

12

*Pfeiffer v. Himax Technologies, Inc.,*
    530 F. Supp. 2d 1121, 1123-24, (C.D. Cal. 2008) ............................5

13

*Public Employees Retirement System of Mississippi v. Stanley,*
    605 F.Supp.2d 1073, 1075 (C.D. Cal. 2009) ............................9

14

15

*Roling v. E*Trade Securities, LLC, --*
    F.Supp.2d--, 2010 WL 4916401 at *4 (N.D. Cal. November 22, 2010) ............11

16

*Saleh v. Titan Corp.,*
    351 F.Supp.2d 1152, 1169 (S.D. Cal. 2005) ............................4, 6

17

18

*Szegedy v. Keystone Food Products, Inc.,*
    2009 WL 276783 at *6 n.4 (C.D. Cal. 2009) ............................11

19

*Van Dusen v. Barrack,*
    376 U.S. 612, 616 (1964) ............................1

20

21

*William H. McGee & Co. v. United Arab Shipping, Co.,*
    6 F.Supp.2d 283, 292 (D.N.J. 1994) ............................10

22

## <u>STATUTES</u>

23

15 U.S.C. § 1681p ............................5

24

28 U.S. § 1337 ............................5

25

28 U.S.C. § 1391(b)(2) ............................5

26

28 U.S.C. § 1331 ............................5

27

28 U.S.C. § 1404(a) ............................1, 3, 5

28

1
2

## TABLE OF AUTHORITIES
### (continued)

**Page**

3

Federal Fair Credit Reporting Act,
  15 U.S.C. § 1681 ................................................................................... 2

4

## <u>OTHER AUTHORITIES</u>

5
6

WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE,
  § 3854, p. 293 (2007) .......................................................... 9

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This case involves the credit information of two Maine residents.  Plaintiff, a Maine resident, alleges that Experian willfully and negligently placed credit information belonging to his son on his Experian credit file.  The only connection between Plaintiff and the Central District of California is the fact his attorneys, Francis & Mailman, P.C., have filed in this District and have retained local counsel here.  Francis & Mailman P.C. advertises on the Internet to consumers nationwide through at least three websites, www.creditreportproblems.com, www.myfaircredit.com, and www.consumerlawfirm.com, and brings lawsuits in this venue on behalf of out-of-state consumers who, like Plaintiff Robert Kierstead, simply have no connection to California.

Plaintiff resides in South Portland, Maine, and all of his alleged injuries occurred in that state.  Experian's records indicate that the person Plaintiff alleges is his son is a Maine resident, and it is necessary for Experian to take third party discovery from this person to defend against this lawsuit.  In addition, third parties in Maine allegedly made decisions adverse to Plaintiff, which he alleges support his claim for damages.  Moreover, any witness able to testify regarding Plaintiff's alleged physical, emotional, and mental harms is likely located in Maine.  In contrast, none of the alleged misconduct took place in the Central District of California.  Although Experian's corporate headquarters are located in Costa Mesa, California, its credit reporting operations, i.e., its databases of consumer information and its National Consumer Assistance Center are located in Texas.

"The purpose of § 1404(a) 'is to prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.' "  *Bracket v. Hilton Hotels Corp.,* 619 F.Supp.2d 810, 820 (N.D. Cal., 2008), *citing Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964).  Because Plaintiff is not a California resident, key third party witnesses are located

IRI-17157v1

in Maine, none of the allegedly culpable conduct occurred in this District, and there is little or no connection between California and Plaintiff's claims, the Court should grant Experian's Motion.

## II.   FACTUAL BACKGROUND

On November 5, 2010, Plaintiff commenced this action against Experian, alleging that Experian willfully and negligently violated his rights under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* ("FCRA").  *See* Plaintiff's Complaint, ¶1 [Docket No. 1].  Plaintiff also alleges a common law claim against Experian for defamation.  *See Id.* at ¶¶22-29.  According to the Complaint, Experian allegedly reported inaccurate information regarding Plaintiff's credit history to various credit grantors, and Plaintiff was allegedly denied applications for loans and extensions of consumer credit. *Id.* at ¶11-13.  Plaintiff specifically alleges that he resides in South Portland, Maine.  *Id.* at ¶4.

Experian is an Ohio corporation, with its corporate headquarters located in Costa Mesa, California.  *See* Declaration of Teresa Iwanski ("Iwanski Decl."), ¶¶4-5.  While Experian's corporate headquarters are located in Costa Mesa, California, its consumer credit reporting databases are not maintained at its corporate headquarters, nor are consumer disputes received or processed at its corporate headquarters.  *Id.* at ¶5-6.  Those functions are handled primarily at Experian's facility in Allen, Texas, which is the site of the aspects of Experian's business relating to consumer credit reporting.  *Id.*  Experian's databases of consumer information, including Plaintiff's information, are located in Texas.  *Id.* at ¶5.  In addition, Experian investigates consumer disputes regarding the accuracy of credit information at its National Consumer Assistance Center ("NCAC"), based in Texas. *Id.*  Any communications Plaintiff made with Experian regarding his Experian credit file were directed to Experian's Texas facility, documents and records relevant to Plaintiff's claims against Experian are maintained there, and any correspondence sent to Plaintiff was generated at the NCAC.  *Id.* at ¶7.  Moreover,

the witnesses with knowledge of Experian's reinvestigation procedures work at the NCAC in Texas.  Iwanski Decl., ¶7.

Plaintiff's credit file contains inquires in the two years preceding the filing of the Complaint with Evergreen Credit Union and NCC Inc./Quirk Chevrolet.  *Id.* at ¶8.  These inquiries are associated with applications for credit, and are all associated with addresses in the State of Maine.  *Id.*  Plaintiff also claims that Experian placed information belonging to his son on his credit file.  *See* Docket No. 9 ("Joint Rule 26(f) Report"), p. 2:5-20.  Experian's records show that this person is a Maine resident.  *Id.* at ¶9..

Although Plaintiff's attorneys, Francis & Mailman, have yet to file a *Pro Hac Vice* application, they have acknowledged that Mr. Wall is merely serving as local counsel for Francis & Mailman in this case.  Hardeman Decl., ¶¶2-3, Ex. 1.  In fact, Experian's counsel met and conferred regarding a discovery plan pursuant to F.R.Civ.P. 26(f) with Erin Novak, a Francis & Mailman associate in Philadelphia.  *Id.* at ¶4.  Further, Plaintiff's counsel has indicated that one reason Plaintiff chose to file his case in the Central District of California is the Ninth Circuit's interpretation of FCRA cases.  Hardeman Decl., ¶3.  Finally, in threatening to sanction Experian regarding this motion, Plaintiff's counsel admitted that Francis & Mailman's chief issue with Experian's requested relief is the inconvenience to Plaintiff's counsel.  *Id.*, Ex. 1.

## III.  ARGUMENT

### A.  A COURT HAS BROAD DISCRETION TO TRANSFER VENUE UNDER SECTION 1404.

Under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  "This provision gives a district court broad discretion to transfer a case to another district where venue is also proper."  *See Allstar Marketing Group, LLC v. Your Store*

1  *Online, LLC,* 666 F.Supp.2d 1109, 1130 (C.D. Cal. 2009).  Since the burden is on

2  the moving party to show transfer of venue is warranted, a non-moving plaintiff is

3  not entitled to discovery relating to the propriety of the transfer for purposes of

4  opposing a § 1404(a) motion.  *See Saleh v. Titan Corp.,* 351 F.Supp.2d 1152, 1169

5  (S.D. Cal. 2005).

6       In determining whether a transfer of venue is proper, courts consider a

7  balance of factors designed to account for both the litigants' private interests, and

8  the public interests that bear on the larger systemic concerns of the judiciary.  These

9  factors include: (1) the plaintiff's choice of forum; (2) the extent to which there is a

10  connection between the plaintiff's causes of action and this forum; (3) the parties'

11  contacts with this forum; (4) the convenience of witnesses; (5) the availability of

12  compulsory process to compel attendance of unwilling non-party witnesses; (6) the

13  ease of access to sources of proof; (7) the existence of administrative difficulties

14  resulting from court congestion; (8) whether there is a local interest in having

15  localized controversies decided at home; (9) whether unnecessary problems in

16  conflict of laws, or in the application of foreign law, can be avoided; and (10) the

17  unfairness of imposing jury duty on citizens in a forum unrelated to the action. *See*

18  *Bohara v. Backus Hosp. Medical Benefit Plan***,** 390 F. Supp. 2d 957, 962 (C.D. Cal.

19  2005).

20      **B.**   **THE COURT SHOULD TRANSFER VENUE TO THE**

21           **DISTRICT OF MAINE.**

22       As Experian will explain, the propriety of the alternative venue, the

23  convenience of the parties and witnesses, the interests of justice, and applicable

24  public and private interests all warrant transferring this action to the District of

25  Maine.

26        **1.**   <u>**Jurisdiction and Venue are Proper in the District of Maine.**</u>

27       The District of Maine meets the threshold requirement for transfer. Under

28  Section 1404(a), the transferee district must have proper jurisdiction and venue.

IRI-17157v1

- 4 -

1    *See* 28 U.S.C. 1404(a).  In this case, the subject matter jurisdiction based on the

2    federal questions involved will indisputably lie in the District of Maine.  *See* 15

3    U.S.C. § 1681p; 28 U.S.C. §§ 1331, 1337.  Defendant Experian is a nationwide

4    corporation that conducts business in the State of Maine, and is properly subject to

5    personal jurisdiction there.  Venue is also proper in the District of Maine because a

6    substantial part of the events giving rise to Plaintiff's claims occurred there.  *See* 28

7    U.S.C. § 1391(b)(2).  Accordingly, this case could have been brought in Maine.

8                    **2.    <u>Private Interest Factors Warrant Transfer to the District of</u>**

9                             **<u>Maine.</u>**

10                            **(a)     Plaintiff's Choice of Forum is Not Entitled to**

11                                       **Deference.**

12         A plaintiff's choice of forum is not entitled to deference where a plaintiff

13   does not reside in the district, the facts did not occur in the district, and the district

14   does not have a local interest in the action.  *Pfeiffer v. Himax Technologies, Inc*.,

15   530 F. Supp. 2d 1121, 1123-24, (C.D. Cal. 2008).

16         Plaintiff resides in Maine.  At least two of Plaintiff's recent applications for

17   credit occurred in Maine.  The person who Plaintiff alleges is his son is a Maine

18   resident.  None of Experian's consumer credit reporting databases are located in the

19   Central District of California, nor is Experian's NCAC consumer assistance center.

20   Although "[the Central District of California] certainly has an interest in

21   enforcement of [a federal law], the operative facts of this action did not primarily

22   occur in [this] district[,]" and there is no local interest in enforcement of this action

23   in this District.  *See Pfeiffer,* 530 F.Supp.2d at 1124.

24         Because Plaintiff does not reside in this district, the facts did not occur in this

25   district, and the Central District of California does not have a local-interest in this

26   action, this factor "weigh[s] in favor of transfer of venue."  *See Pfeiffer*, 530

27   F.Supp.2d at 1124.

28

**(b)      The Causes of Action Arose in Maine.**

The extent to which there is a connection between Plaintiff's causes of action and this forum also weighs in Experian's favor.  As set forth above, Plaintiff resides in Maine, and two of his applications for credit made prior to this lawsuit occurred in Maine.  The fact that Experian's corporate headquarters, which do not contain Experian's databases or receive consumer disputes, are located in Costa Mesa, California does not change the fact that this lawsuit is entirely based upon events occurring in Maine, or outside the State of California.  This factor weighs in favor of transfer.

**(c)      Plaintiff has no Connection to this District.**

The extent of the parties' contacts with the forum also weighs in Experian's favor.  Experian's corporate headquarters are located in Costa Mesa, but its consumer credit reporting activities take place in Texas.  Moreover, the location of a defendant's corporate headquarters is given little weight in considering a motion to transfer under § 1404(a) when the corporate records and witnesses are located elsewhere.  *See e.g. Saleh,* 351 F.Supp.2d at 1160 (holding that the Southern District of California did not have a "substantial relation" to the action even when one defendant maintained its corporate headquarters in the Southern District of California because the plaintiffs had no connection to the district and the causes of action arose elsewhere).

On the other hand, Plaintiff is a Maine resident and has no contacts whatsoever with the Central District of California other than filing a lawsuit here. The fact that Plaintiff has no connection to this District militates in favor of transfer.

**(d)      Third Party Witnesses and Evidence are Located in Maine.**

"The convenience of the witnesses is often the most important factor in determining whether a transfer pursuant to § 1404(a) is appropriate." *Amini*

1    *Innovation Corp. v. JS Imports, Inc*., 497 F.Supp.2d 1093, 1111 (C.D. Cal. 2007).

2    Here, it cannot be argued that Plaintiff would be inconvenienced in litigating in his

3    home forum because he resides in Maine.  In contrast, Plaintiff will have to travel a

4    great distance from Maine to California to appear for depositions, participate in the

5    Court's Mandatory ADR Program, and appear at trial were the case to proceed in

6    California.

7        More importantly, third parties with knowledge of Plaintiff's claims would

8    be located in Maine.  *See Metz v. U.S. Life Ins. Co. in City of New York,* 674

9    F.Supp.2d 1141, 1147 (C.D. Cal. 2009) (holding that the convenience of non-party

10   witnesses is a more important factor than the convenience of party witnesses or the

11   convenience of a party's employees).  Plaintiff has already identified his son and

12   his daughter as potential witnesses with knowledge regarding his claims and

13   alleged damages.  *See* Joint Rule 26(f) Report at 2:5-20.  According to Experian's

14   records, the individual Plaintiff claims is his son is a Maine resident.  Any other

15   witnesses with knowledge of Plaintiff's alleged physical, emotional, and mental

16   damages would necessarily be located in Maine.

17       It is necessary for Experian to take third party discovery from the individual

18   Plaintiff claims is his son,  *inter alia*, to determine whether any fraudulent activity

19   occurred with respect to Plaintiff's credit file.  Experian certainly is not accusing

20   this individual of fraudulently using Plaintiff's information to obtain lines of credit.

21   However, Experian has frequently received disputes from other consumers where a

22   relative of a consumer fraudulently uses a consumer's identification information to

23   apply for credit.  Iwanski Decl., ¶10.  As part of its defense of this lawsuit,

24   Experian must determine whether this in fact occurred.  It is also necessary to take

25   discovery from witnesses located in Maine with knowledge of Plaintiff's alleged

26   physical, emotional, and mental damages.

27       In addition, inquiries by third parties on Plaintiff's credit file indicate that he

28   made at least two applications for credit in Maine in the last two years with

IRI-17157v1

Evergreen Credit Union and NCC Inc./Quirk Chevrolet.  Presumably, the Evergreen Credit Union inquiry refers to the loan Plaintiff references in his portions of the Joint Rule 26(f) Report.  *See* Joint Rule 26(f) Report p. 2:17-20.  Both of these inquiries are associated with addresses in Maine.  Any local representatives of these creditors with whom Plaintiff communicated would be located in Maine.  The substance of the testimony from these persons would relate to the specific reasons for Plaintiff's alleged credit denials or lost opportunities to receive credit, as well as any shame and humiliation Plaintiff contends he suffered as a result of these alleged credit denials.  This testimony would be crucial to Experian's defense of this lawsuit.  It would be difficult and expensive to obtain discovery and testimony from any non-party witness located in Maine if this case were to proceed in the Central District of California.  As the majority of any relevant non-party witnesses would be located in Maine, this factor warrants transfer of venue.

By the same token, the non-party witnesses described above located in Maine could not be subject to a trial subpoena from a Court in this District.  While a Maine venue would ensure access to trial witnesses, Experian would be deprived of presenting the testimony of key third party witnesses such as Plaintiff's son, or creditors with whom Plaintiff was allegedly denied credit who could testify as to the specific reasons for Plaintiff's alleged credit denials if this case were to proceed in the Central District of California.  The presence of these witnesses in Maine favors transfer.

In addition to the party and non-party witnesses above that are located in the State of Maine, all of Plaintiff's documents relating to this action would be located in the State of Maine.  In sum, Plaintiff cannot identify any "witnesses []he intends to call, or documents on which she intends to rely, which might otherwise indicate that the Central District of California is a more appropriate venue than the [District of Maine]."  *See Metz*, 674 F.Supp.2d at 1149 (holding that the sources of proof factor favored transfer where there was no showing by the plaintiff that the Central

1  District of California was the more appropriate venue by way of identification of

2  witnesses or documents).

3      **3.**     **Public Interest Factors Warrant Transfer to the District of**

4              **Maine.**

5      The remaining factors in determining whether transfer of venue is

6  appropriate relate to public interest factors.  Here, Maine has an interest in resolving

7  conflicts involving one of its citizens, unnecessary choice of law issues arise from

8  Plaintiff's common law claims, and it would be unfair to impose jury duty on

9  citizens of this District when all of the alleged causes of action occurred in Maine.

10          **(a)**     **The District of Maine has a Local Interest in Resolving**

11                 **this Controversy.**

12      It is well settled that "the administration of justice is served more efficiently

13  when the action is litigated in the forum that more clearly encompasses the locus of

14  operative facts . . . ." WRIGHT & MILLER, FEDERAL PRACTICE &

15  PROCEDURE, § 3854, p. 293 (2007).  Plaintiff is a resident of Maine.  His claims

16  arose in Maine.  His alleged damages occurred in Maine.  The person he alleges is

17  his son resides in Maine.  Third party witnesses with knowledge of the facts

18  relating to Plaintiff's alleged credit denials, lost opportunities to receive credit, and

19  emotional distress damages are located in Maine.  Therefore, the District of Maine

20  has a local interest in resolving this controversy.

21      The only plausible reason for Plaintiff suing Experian in this district is that

22  courts in the Ninth Circuit have differed in their interpretations of the FCRA from

23  courts in other circuits.  Indeed, Plaintiff's counsel cited this as a reason for

24  choosing to file suit against Experian in the Central District of California.

25  Hardeman Decl., ¶3.  However, "no litigant has the right to have the interpretation

26  of one federal court rather than that of another to determine his case." *Public*

27  *Employees Retirement System of Mississippi v. Stanley,* 605 F.Supp.2d 1073, 1075

28  (C.D. Cal. 2009) (citations and internal quotations omitted).

IRI-17157v1

**(b)    Plaintiff's Common Claw Claims Create Unnecessary Conflict of Law Issues.**

To determine what substantive law applies to torts occurring outside of California, "California choice of law rules rest on an analysis of the respective interests of the states or countries involved; the so-called 'governmental interest' approach, the objective of which is 'to determine the law that most appropriately applies to the issue involved.' " *Corrigan v. Bjork Shiley Corp.,* 182 Cal.App.3d 166, 179 (1987) (citations omitted).  Here, Plaintiff brings a common law claim for defamation for actions occurring within the state of Maine.  By bringing an action in California, Plaintiff creates unnecessary choice of law issues which would be entirely avoided by transferring this action to Maine.  While it is unclear which State's law would apply to these claims if this case remained in this District, it is clear that these choice of law issues issue would easily be resolved by a transfer to a Maine court.

**(c)    It Would Be Unfair to Impose Jury Duty on California Citizens When this District has No Connection to this Action.**

Courts have expressly recognized that under § 1404(a), "[t]he burden of jury duty ought not to be imposed on the people of a community which has no relation to the litigation."  *See William H. McGee & Co. v. United Arab Shipping, Co.,* 6 F.Supp.2d 283, 292 (D.N.J. 1994) (internal quotations and citations omitted).  Plaintiff has demanded a trial by jury.  As set forth above, the logical nexus of all of Plaintiff's claims in this action is Maine.  It would therefore be unfair to impose jury duty on California citizens involving a controversy over events occurring in Maine.

**4.    The Result of the Balance of Factors Favors Experian.**

This is not a case where transfer would merely shift any inconvenience in this litigation from Experian to Plaintiff.  Rather, the relevant factors strongly favor

IRI-17157v1

- 10 -

transfer of this action.  Plaintiff's counsel has vehemently indicated that he believes that the law firm of Francis & Mailman would be inconvenienced by a transfer to the District of Maine, even though the distance to Maine from Philadelphia is considerably less than the distance to California.  *See* Hardeman Decl., Ex. 1. However, convenience of a party's counsel is irrelevant in determining whether a transfer is appropriate.  *See Roling v. E\*Trade Securities, LLC,* --F.Supp.2d--, 2010 WL 4916401 at \*4 (N.D. Cal. November 22, 2010); *Szegedy v. Keystone Food Products, Inc.,* 2009 WL 276783 at \*6 n.4 (C.D. Cal. 2009).

Accordingly, because this litigation would proceed more conveniently in Maine, and because and the interests of justice would be better served by a Maine forum, Experian's motion to transfer this action the District of Maine should be granted.

## IV.   CONCLUSION

For the foregoing reasons, Experian respectfully requests that the Court transfer this case to the District of Maine.

Dated:  March 11, 2011                    Respectfully submitted,


                                          /s/ Eric J. Hardeman
                                          Eric J. Hardeman
                                          JONES DAY
                                          3161 Michelson Drive, Suite 800
                                          Irvine, CA  92612
                                          Telephone:   (949) 553-7545
                                          Facsimile:    (949) 553-7539

                                          *Attorneys for Defendant*
                                          *Experian Information Solutions, Inc.*

IRI-17157v1

- 11 -