William J. Wall (State Bar No. 203970)
wwall@wall-law.com
THE WALL LAW OFFICE
9900 Research Drive
Irvine, CA  92618
Telephone:  (949) 387-4300
Facsimile:   (800) 722-8196

Attorney for Plaintiff
ROBERT KIERSTEAD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT KIERSTEAD<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendant. | Civil Action No. 10-1694<br><br>**PLAINTIFF ROBERT KIERSTEAD'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE** |

**TABLE OF CONTENTS**

Table of Authorities .................................................................................................. ii

I.   INTRODUCTION ........................................................................................... 1
II.  BACKGROUND .............................................................................................. 3
III. ARGUMENT ................................................................................................... 8
     (1) the location where relevant agreements were negotiated and executed. .. 9
     (2) the state that is most familiar with the governing law ............................. 9
     (3) the plaintiff's choice of forum ................................................................. 10
     (4) the respective parties' contacts with the forum ....................................... 11
     (5) the contacts relating to the plaintiff's cause of action in the chosen
         forum ....................................................................................................... 12
     (6) the differences in the costs of litigation in the two forums ..................... 12
     (7) the availability of compulsory process to compel attendance unwilling
         non-party witnesses ................................................................................ 13
     (8) the ease of access to sources of proof ..................................................... 13
     (9) the presence of a forum selection clause ................................................. 14
     (10) the relevant public policy of the forum state, if any ............................. 14
IV.  CONCLUSION .............................................................................................. 16

## **TABLE OF AUTHORITIES**

### **CASES**

*Akselrod v. CheckSystems, Inc.*,
    2005 WL 1492390 (C.D. Cal. Jun. 6, 2005) ......................................................... 10

*Barela v. Experian Info. Solutions, Inc.*,
    2005 WL 770629 (N.D. Ill. Apr. 4, 2005) ............................................................. 2

*Bateman v. Amer. Multi-Cinema, Inc.*,
    623 F.3d 708 (9th Cir. 2010) ................................................................................ 10

*Bentley v. Providian Fin. Corp.*,
    2003 WL 22234700 (S.D.N.Y. Apr. 21, 2003) ..................................................... 4

*Bogollagama v. Equifax Info. Servs., LLC*,
    2009 WL 4257910 (E.D. Pa. Nov. 30, 2009) ....................................................... 2

*Carvalho v. Equifax Info. Servs., LLC*,
    629 F.3d 876 (9th Cir. 2010) ................................................................................ 10

*Decker Coal Co. v. Commonwealth Edison Co.*,
    805 F.2d 834 (9th Cir. 1986) ................................................................................ 9

*Dennis v. BEH-1*,
    520 F.3d 1066 (9th Cir. 2008) .............................................................................. 9

*Fed. Trade Comm'n v. TRW, Inc.*,
    784 F. Supp. 381 (N.D. Tex. 1991) ...................................................................... 4

*Fernandez v. Equifax Info. Servs., LLC*,
    2004 WL 315170 (E.D. Pa. Jan. 22, 2004) ........................................................... 2

*Florens Container v. Cho Yang Shipping*,
    245 F. Supp. 2d 1086 (N.D. Cal. 2002) ................................................................ 9

*Gorman v. Wolpoff & Abramson, LLP*,
    584 F.3d 1147 (9th Cir. 2009) .............................................................................. 10

*Guimond v. Trans Union*,
    45 F.3d 1329 (9th Cir. 1995) ................................................................................ 10

*Harms v. Experian Info. Solutions, Inc.*,
  2007 WL 1430085 (N.D. Cal. May 14, 2007) .............................................. 2, 9, 12

*Hurst v. Advanco Industries, Inc.*,
  1973 WL 448 (N.D. Cal. Sept. 11, 1973) ............................................................ 15

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) ................................................................................ 9

*Nelson v. Chase Manhattan Mortgage Corp.*,
  282 F.3d 1057 (9th Cir. 2002) ............................................................................ 10

*Pintos v. Pacific Creditors Assoc.*,
  605 F.3d 665 (9th Cir. 2010) .............................................................................. 10

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981) .............................................................................................. 9

*Rivera v. Equifax Info. Servs., LLC*,
  2004 WL 1472795 (E.D. Pa. Apr. 1, 2004) ........................................................... 2

*Saleh v. Titan Corp.*,
  361 F. Supp. 2d 1152 (S.D. Cal. 2005) ............................................................... 15

*Smith v. HireRight Solutions, Inc.*,
  2010 WL 2270541 (E.D. Pa. Jun. 7, 2010) ..................................................... 2, 11

*U.S. v. Syufy Enterprises*,
  1986 WL 13358 (N.D. Cal. 1986) ........................................................................ 8

*Valentine v. First Advantage Safe Rent Inc.*,
  2009 WL 4349694 (C.D. Cal. Nov. 23, 2009) .................................................... 10

*Yourke v. Experian Info. Solutions, Inc.*,
  2007 WL 1795705 (N.D. Cal. Jun. 20, 2007) ..................................................... 10

Plaintiff Robert Kierstead respectfully submits this Memorandum of Law in opposition to Defendant Experian Information Solutions, Inc.'s ("Experian") motion to transfer venue away from the Central District of California -- the District in which Experian is headquartered and which houses its principals and witnesses. Experian's motion is simply an attempt at forum-shopping, for a forum that the defense perceives as more friendly to its interests. Defendant's motion should thus be denied.

## I. INTRODUCTION

This is a consumer protection action brought under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and related state laws. Defendant Experian is a consumer reporting agency under the FCRA, commonly referred to as a "credit reporting agency." Experian is headquartered in Costa Mesa, California, within a twenty minute drive of this Court. As will be discussed below, the corporate representatives and decision-makers for Experian in FCRA cases are located in Costa Mesa, California. For their convenience, these corporate representatives (*i.e.*, the *party*) routinely request courts in other jurisdictions to excuse them from court proceedings, or to allow their participation by telephone, precisely because they are located in Costa Mesa, California.

Similarly, Experian's regular Rule 30(b)(6) *witnesses* in FCRA mixed file cases, such as this one, are located in Costa Mesa and/or Irvine, California. Experian's counsel always insists that, for the convenience of these witnesses, depositions take place at Jones Day's Irvine, California office, regardless of where in the country an FCRA action may be pending.

Plaintiff Kierstead, a Maine resident, has chosen to bring this FCRA action in a mixed file matter in Experian's backyard. There is no doubt that this Court has both jurisdiction over this matter, pursuant to 15 U.S.C. § 1681p, and that the venue is proper under 28 U.S.C. § 1391(b). Experian, however, now moves to transfer venue, pursuant to 28 U.S.C. § 1404(a), allegedly for the "convenience of the

1  parties and witnesses."

2  Experian's position is insincere and riddled with inaccurate representations. Defendant is actually seeking to make litigation more difficult, not more convenient, in this matter. Further, Defendant seeks a perceived strategic advantage by avoiding the jurisdiction of this Court and Ninth Circuit FCRA precedent, despite the fact that it runs its business right here in the Central District of California. Not surprisingly, Experian does not cite a single decision that provides that a credit reporting agency may not be sued at the location of its national headquarters. The decisions that Plaintiff found on this subject hold the opposite.[1] Experian also does not disclose to this Court that in other FCRA litigation it has moved, allegedly for the convenience of the parties and witnesses, to have a case transferred, *not away from, but to* the Central District of California because its principal place of business and records are in Orange County, California. *Harms*, Civ. No. 07-0697JF, 2007 WL 1430085, at *2 (N.D. Cal. May 14, 2007) (transferring Experian FCRA case to Central District of California).

Further, this litigation has been underway for five months in the Central

---

[1] *See Smith v. HireRight Solutions, Inc.*, 2010 WL 2270541, at *4 (E.D. Pa. June 7, 2010) ("Multiple courts considering § 1404 transfer motions in FCRA cases have noted that the situs of the material events, and thus the appropriate venue, is generally the place where the defendant credit reporting agency conducted its business."); *see also Barela v. Experian Info. Solutions, Inc.*, 2005 WL 770629, at *4 (N.D. Ill. Apr. 4, 2005) (noting that an assessment of the relevant events and alleged harms in an FCRA case points to the defendant's place of business as the appropriate venue); *Harms v. Experian Info. Solutions, Inc.*, Civ. No. 07-0697JF, 2007 WL 1430085, at *2 (N.D. Cal. May 14, 2007) (In granting Experian's own motion to transfer venue *to the Central District of California* finding that "Venue is proper in the Central District, as Experian's principal place of business is in Orange County. . . The location of many of Experian's records in Orange County also favors transfer to the Central District since it appears that access to proof will be easier in that district."); *see also Bogollagama v. Equifax Info. Servs., LLC*, 2009 WL 4257910, at *3 (E.D. Pa. Nov. 30, 2009) (finding that operative facts in FCRA case arose in Atlanta, Georgia, forum where Equifax credit reporting agency was headquartered and where the credit reports were compiled and issued); *Fernandez v. Equifax Info. Servs., LLC*, Civ. No. 03-4377, 2004 WL 315170, at *2 (E.D. Pa. Jan. 22, 2004) (Trans Union and Equifax credit reporting agencies may be sued by out-of-state plaintiff in FCRA cases in District where Trans Union's principal place of business is located); *Rivera v. Equifax Info. Servs., LLC*, 2004 WL 1472795, at *1 (E.D. Pa. Apr. 1, 2004) (refusing to transfer venue in FCRA case to plaintiff's home state).

| | |
|---|---|
| 1 | District of California.  Plaintiff initiated this action in November 2010. (*See* Dk. |
| 2 | No. 1).  Promptly thereafter, Defendant was served within the Central District of |
| 3 | California. (*See* Dk. No. 7).  Instead of raising issues of venue in a timely manner, |
| 4 | Defendant instead, substantively answered Plaintiff's Complaint on January 3, |
| 5 | 2011. (*See* Dk. No. 5).  The Court has held two conferences in this matter, a status |
| 6 | conference on December 13, 2010, and a scheduling conference on March 7, 2011. |
| 7 | (*See* Dk. Nos. 4 and 14, respectively).  The parties have conferred and have selected |
| 8 | to appear before a magistrate judge for settlement purposes and a settlement |
| 9 | conference has been scheduled for May 25, 2011 at 9:30 AM, with Magistrate |
| 10 | Judge Marc L. Goldman. (*See* Dk. Nos. 9 and 12).  The Court has issued a |
| 11 | Scheduling Order in this matter, designating deadlines for fact and expert |
| 12 | discovery, and establishing firm dates for a final pretrial conference and trial. (*See* |
| 13 | Dk. No. 13).  This case is well underway and Plaintiff should not be delayed in |
| 14 | resolving his claims against Defendant by starting over in another jurisdiction after |
| 15 | five months of litigation in the Central District of California, in which Defendant |
| 16 | has actively participated. |
| 17 | Here, despite all of its *ad hominem*, alarmist and irrelevant arguments |
| 18 | Defendant has simply not met its burden of establishing that a transfer of this case |
| 19 | from a proper venue is appropriate, as opposed to simply desired for the perceived |
| 20 | strategic advantage of the defense.  Defendant's motion should, therefore, be |
| 21 | denied. |
| 22 | **II.     BACKGROUND** |
| 23 | Mr. Kierstead brought suit against Experian under FCRA section 1681e(b) |
| 24 | claiming that Experian did not follow procedures that assured the maximum |
| 25 | possible accuracy of the credit reports that it sold about him. (Compl. ¶¶ 16-21). |
| 26 | Notably, Plaintiff made no allegations that Defendant failed to meet its |
| 27 | reinvestigation obligations or that it violated FCRA section 1681(i). (Compl. |
| 28 | *passim)*.  Beginning sometime prior to September 2010, Experian created and sold |

numerous false credit reports about Mr. Kierstead that contained inaccurate credit and personal information, believed to relate to his son. (*See Id.* at ¶¶ 8-9); (*see also* Def. Mem., Dk. No. 15 at pg. 6). In credit reporting terms, the improper combining of two or more consumer's credit files is known as a "mixed file," and Plaintiff alleges that the inaccurate reporting here was a result of a mixed file. (Compl. ¶¶ 8-9).

Experian is still bound by a 1990s Consent Order between its corporate predecessor, TRW, and the Federal Trade Commission which first defined "mixed files" and which requires Experian to use "full indentifying information" in preparing credit reports in order to "prevent" mixed files. *See Fed. Trade Comm'n v. TRW, Inc.*, 784 F. Supp. 381, 362 (N.D. Tex. 1991) (at §§ I(3)(e), I(3)(f), and II(1)); *see also Bentley v. Providian Fin. Corp.*, Civ. No. 02-5714, 2003 WL 22234700, at *5 (S.D.N.Y. Apr. 21, 2003) (Consent Order binding on Experian). The Consent Order defined "mixed file" as "a Consumer Report in which some or all of the information pertains to Persons other than the Person who is the subject of that Consumer Report." *Fed. Trade Comm'n*, 784 F. Supp. at 362 (definitions).

Despite these promises to the government to prevent mixed files, Experian continues to allow mixed files at disturbingly high rates because it chooses not to use "full identifying information" in preparing credit reports. A search of PACER reveals that Jones Day alone has defended hundreds of Experian mixed file FCRA lawsuits in recent years. In this case too it is believed that Experian mixed the credit files of Mr. Kierstead with his son (who has poor credit) because of Defendant's failure to use full indentifying information.

For at least the previous decade Experian has designated either David Browne or Kathy Centanni exclusively to testify as its corporate representative in FCRA mixed file cases. Both Mr. Browne and Ms. Centanni are FCRA compliance managers for Experian, with their offices located in Experian's Costa Mesa, California headquarters. (Ex. 1, D. Brown Dep. in *Howley v. Experian*, Civ. No.

1  09-241 (D.N.J.), at 5:16-6:20 and 67:24-69:19; and Ex. 2, K. Centanni Dep. in
2  *Howley v. Experian*, Civ. No. 09-241 (D.N.J.), at 4:18-6:10 and 31:15-19).  To this
3  day, Experian's representatives Browne and Centanni agree that it is Experian's
4  responsibility to "avoid" mixed files.  (Ex. 1, D. Browne Dep. at 135:21-25; and
5  Ex. 2, K. Centanni, Dep. at 203:9-14).

6  Experian sometimes also identifies witnesses in Dallas, Texas for FCRA
7  cases alleging improper reinvestigations, as Defendant notes in the present motion.
8  (Def. Mem., Dk. No. 15 at pgs. 7-8).  Plaintiff is not aware of any witness who is
9  located in Maine that Experian has designated to testify in this or any other FCRA
10 case; and Experian identifies no such witnesses either in its Initial Disclosures or in
11 its present motion to this Court.

12 When FCRA cases are brought against Experian in jurisdictions outside of
13 the Central District of California, Experian requests that, for the convenience of its
14 witnesses, depositions be conducted in Irvine, California.  Experian's counsel,
15 Jones Day, has routinely made such requests in cases where Ms. Centanni was its
16 corporate designee:

- In a 2009 New Jersey mixed file FCRA case, Experian's counsel wrote: "regarding Ms. Centanni's deposition . . . [f]or the witness's convenience, we would like the deposition to proceed at Jones Day's office in Irvine . . . ." *Howley v. Experian*, Civ. No. 09-241 (D.N.J.) (Ex. 3).

- In another 2009 New Jersey FCRA mixed file case, Jones Day took the following position in the Discovery Plan submitted to the court: "Experian requests that, to the extent they are needed, depositions of corporate representatives be conducted via telephone, as those persons are likely to be designated reside either in Texas or California." *Brown v. Experian*, Civ. No. 09-4291 (D.N.J) (Ex. 4) (at ¶ 10, p. 3).

- In another 2010 FCRA mixed file case, where Experian's present

5

counsel insisted that a deposition take place in Irvine, not Los Angeles, California, he noted: "Your firm hasn't been extending Experian any courtesies by having previous depositions [in FCRA cases] take place in Irvine or Dallas, because they would have had to take place there anyway with respect to the corporate designees at those locations." *Evans v. Experian*, Civ. No. 10-5422 (C.D. Cal) (Ex. 5); (*see also* Ex. 6) (Kathy Centanni identified as Experian corporate designee with Costa Mesa and Irvine addresses).

Experian also routinely requested, again for convenience purposes and because of the burden and expense presented by traveling, that its corporate representative in FCRA cases be excused from court appearances in other jurisdictions. The following are examples of such requests by Experian:

- In a 2009 New Jersey FCRA case, Experian requested that its corporate representative be excused from a settlement conference stating: "Further, Experian's client representative, Abril Turner, is located in Southern California and a trip to Newark [N.J.] would be burdensome in time and expense for her." *Cates v. Experian*, Civ. No. 09-2487 (D.N.J.) (Ex. 7).
- In an 2010 Eastern District of Pennsylvania FCRA case, Experian requested that its corporate representative be excused from attending a scheduling conference stating: " . . . Experian's corporate representative resides in California, where Experian's headquarters are located, and personal attendance at the conference will place a considerable burden on her and considerable expense on Experian." *Blenda v. Experian*, Civ. No. 10-6769 (E. D. Pa.) (Ex. 8).

Experian's party representatives and witnesses, therefore, are located Costa Mesa or Irvine, California. They will not be convenienced by having this case transferred to Maine.

Experian appears to make much in its present motion about the alleged

convenience of third party witnesses in this matter, even going so far as to misrepresent whom Plaintiff has identified as potential witnesses. (*Compare* Def. Mem., Dk. No. 15 at pg. 12 and Ex. 9 Plaintiff's Initial Disclosures). Plaintiff has not identified his son, daughter or daughter-in-law as potential witnesses for this matter, as indicated by Defendant. *Id.* Further, Plaintiff's son, daughter and daughter-in-law have no knowledge of credit reporting, Plaintiff's credit worthiness, or any other issues relating to damages or liability in this matter, a fact known to Defendant. In fact, there is no suggestion in this case that Mr. Kierstead's family members even knew about the mixed file.

Experian also focuses upon two third party "inquiries" that it says are associated with Maine addresses (Def. Mem., Dk. 15, at pgs. 12-13); but Defendant fails to recognize potential third party witnesses could exist for every credit report sold about Mr. Kierstead to his potential and preexisting creditors, including national creditors, Capital One and Chase, which are associated with addresses all across the country, including in the Central District of California. (*See* Ex. 10 (Chase); Ex. 11 (Capital One)).

Although Experian does not disclose other types of inquiries, Plaintiff notes that Experian's records state that Experian *also* provided credit information to the following non-Maine businesses, which allegedly had a permissible purpose to view Plaintiff's credit information between November 2008 and September 2010 according to Experian, at addresses all over the country i. Experian's records to date show at least the following additional recent "inquiries":

- First USA, Wilmington, DE – several dates 2009-2010
- AMEX, Phoenix, AZ – several dates 2010
- Embrace Home Loans, Middletown, RI – several dates 2010
- Cap One, Salt Lake City, UT - several dates in 2008-2010
- Village Capital & Invest, Mount Laurel, NJ – several dates 2010
- Bank of America, Wilmington, DE – May 19, 2010

7

|   |   |
|---|---|
| 1 | • SST, Saint Joseph, MO – February 24, 2010 |
| 2 | • Greensky Credit, Atlanta, GA – July 8, 2009 |
| 3 | • Progressive Insurance, Wickliffe, OH – January 26, 2009 |
| 4 | • Chase Card Services, Wilmington DE – November 21, 2008 |

(*See* Ex. 12) (September 22, 2010 Experian personal credit report for Plaintiff at pgs. 19 and 20).

It is not clear at this stage of the case whether any of these third parties will need to be witnesses in this matter, and rarely are there any third parties witnesses in FCRA cases. However, the "majority" of third parties who may have some information about Plaintiff's damages claims are not in the District of Maine, as Experian states. (*See* Def. Mem. at pg. 13). Moreover, several of these creditors and potential creditors -- like Capital One, Bank of America, Progressive Insurance and American Express -- can be subpoenaed with the Central District of California. (*See* Ex. 13(a)-(d)).

Finally, Experian's motion touches upon elements that have no place in a motion to transfer. Whether one of Plaintiff's attorneys has a website or will seek to practice *pro hac vice* in this case is of no moment.[2] Most lawyers these days, including Experian's counsel, have websites and sometimes file *pro hac vice* applications with the assistance of local counsel. Experian is simply taking an aggressive defense posture and seeking a tactical advantage here, but has no basis in law or fact to transfer this case, which was properly filed on its own home turf. *See U.S. v. Syufy Enterprises*, 1986 WL 13358, at *2 (N.D. Cal. 1986) (defendant may not move venue away from its own home office).

### III. ARGUMENT

In the Ninth Circuit, a motion for transfer pursuant to 28 U.S.C. § 1404(a)

---

[2] Plaintiff's counsel in this matter are The Wall Law Office (an Irvine, California-based firm) and Francis & Mailman, P.C. (a Philadelphia, Pennsylvania-based firm). An attorney from Francis & Mailman, P.C. will file a *pro hac vice* application in this matter shortly.

8

lies within the discretion of the District Court. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The decision whether to grant or deny such a motion turns on the facts of the particular case. *Id.*

The Ninth Circuit has stated that the factors to be weighed by the District Court in deciding a motion for transfer include: (1) the location where relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Id.* at 498-99; *see Harms*, Civ. No. 07-0697JF, 2007 WL 1430085, at *1 (N.D. Cal. May 14, 2007) (listing these 10 *Jones* factors in FCRA case).

A plaintiff's choice of forum is afforded *substantial* weight, absent improper forum shopping, and courts will not grant a motion under § 1404(a) unless the "convenience" and "justice" factors tip *strongly* in favor of transfer. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002); *see generally Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

As discussed below, the factors to be considered in a motion for transfer weigh in favor of Plaintiff in the case at bar, and Experian surely has not shown that the factors tip *strongly* in favor of transfer.

**(1) the location where relevant agreements were negotiated and executed.**

This is not a relevant factor in the case at bar.

**(2) the state that is most familiar with the governing law.**

California federal district courts and the Ninth Circuit are very familiar with

9

the governing law in this case, and have been the locus of some of the seminal FCRA decisions in the nation. *See Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876 (9th Cir. 2010); *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010); *Pintos v. Pacific Creditors Association*, 605 F.3d 665 (9th Cir. 2010); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009); *Dennis v. BEH-1*, 520 F.3d 1066 (9th Cir. 2008); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002); and *Guimond v. Trans Union,* 45 F.3d 1329 (9th Cir. 1995).[3] Although the federal court in Maine is surely able, it simply does not have the depth of familiarity with the FCRA that California federal courts do. (Ex. 14, Maine has only 11 court entries for Experian). Nor does Maine have any major credit reporting agency within its borders which it would be responsible for regulating.

The supplemental state law claim is largely pled in the alternative and predicated upon Defendant's non-compliance with federal FCRA standards, in any event. (*See, e.g.,* Compl. ¶¶23-29, Defendant's defamation arising from Experian's violations of FCRA). Although Experian admits that at this stage of the proceedings it is "unclear" which state's law would apply to this case (Def. Mem., Dk. 15 at pg. 15), in the event this Court has to make any ruling about the state law claims it is equally capable to making such ruling as any federal judge sitting in the District of Maine.

Thus factor 2 weighs in favor of Plaintiff.

**(3) the plaintiff's choice of forum.**

Here Plaintiff has chosen a proper forum -- the Defendant's headquarters and the location of its corporate representatives in FCRA mixed file cases, such as the case at bar. Although Plaintiff is not a Californian, this is not a case of an out-of-

---

[3] *See also Valentine v. First Advantage Safe Rent, Inc.*, 2009 WL 4349694 (C.D. Cal. Nov. 23, 2009); *Yourke v. Experian Information Solutions, Inc.*, 2007 WL 1795705 (N.D. Cal. June 20, 2007); *Akselrod v. Check Systems, Inc.*, 2005 WL 1492390 (C.D. Cal. June 6, 2005).

10

state plaintiff simply choosing a forum completely unrelated to the parties or his case, or simply for the purposes of selecting what is thought of as the best jury pool for plaintiffs. Plaintiff did not, for example, bring this action in Florida. He brought it in Experian's backyard; close to its principals and corporate representative witnesses in FCRA cases.

Multiple federal courts have held that it is appropriate for a consumer in an FCRA case to pursue that litigation in the credit reporting agency's home forum. *See Smith*, 2010 WL 2270541, at *4 ("Multiple courts considering § 1404 transfer motions in FCRA cases have noted that the situs of the material events, and thus the appropriate venue, is generally the place where the defendant credit reporting agency conducted its business."); *see generally* fn. 1, listing cases. Since Plaintiff has chosen a proper forum here, his choice should given weight and should not be lightly disturbed.

Factor 3, therefore, weighs in favor of Plaintiff.

**(4) the respective parties' contacts with the forum.**

Plaintiff is a Maine resident, but he has availed herself to this Court's jurisdiction. Making himself available for deposition and other proceedings close to Defendant Experian's corporate headquarters, close to its FCRA decision-makers, and close to its corporate representatives will not inconvenience Experian at all. Moreover, some of the businesses that reviewed his Experian credit report are also located in California. (*See supra* at pgs. 11-12).

Defendant Experian is headquartered within 20 minutes of this Court and its regular FCRA mixed file witnesses, also identified as witnesses in this case, are also located in the Central District of California. Experian's counsel does not argue to the contrary.

Because Experian's party representatives and witnesses outnumber Plaintiff, factor 4 also weighs in Plaintiff's favor.

11

**(5) the contacts relating to the plaintiff's cause of action in the chosen forum.**

"Contacts" in FCRA cases are an elusive concept. Credit information exists in digital form and gets transmitted electronically in an instant throughout the country. As in most FCRA cases, there are contacts all over the country which caused Plaintiff credit harm, emotional distress and which damaged his credit reputation and good name or which may have led to lost credit opportunities -- all of which can constitute damages under the FCRA. Thus it is difficult to assess this factor in this case.

There can be no doubt, however, that the principal location of the Defendant, its witnesses and some of its records are in the Central District of California. In *Harms v. Experian Info. Solutions, Inc.*, this very Defendant argued that the Central District is the most convenient venue in an FCRA case because its witnesses and key records were in Orange County, 2007 WL 1430085, at *1. Defendant may not sincerely argue to the contrary here.

Factor 5, therefore, also weighs in favor of Plaintiff.

**(6) the differences in the costs of litigation in the two forums.**

Experian cannot possibly argue that it is seeking to save litigation costs. In cases pending on the East Coast, like Pennsylvania and New Jersey, for example Experian has consistently represented to federal judges the exact opposite -- that it would be an additional burden, expense, hardship and inconvenience for its witnesses and representatives to attend court proceedings and depositions in those other jurisdictions precisely because the relevant party representatives and witnesses are located in Orange County, California. (*See supra* at pgs. 4-5). Experian cannot now argue that its litigation expenses would be increased when an FCRA plaintiff comes to its home forum. Nor can Experian seriously argue that it is trying in the present motion to truly convenience Plaintiff or to save him an airplane ticket for which he is willing to voluntarily pay.

12

Factor 6, therefore, weighs in favor of Plaintiff.

**(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses.**

No party has, to date, subpoenaed any specific third party witness it is planning to use in support of any claim or defense in this matter. Thus, this factor cannot yet be weighed. Experian has identified Plaintiff's son, daughter and daughter-in-law in its initial disclosures as potential witnesses. Plaintiff has not. (*See* Ex. 9). None of Plaintiff's family can testify as to the merits of the case (*i.e.* Experian's failure to meet statutory requirements under the FCRA) nor can they testify as to the damages in the case (*i.e.* none of Plaintiff's family was present for the credit denial, nor understand the intricacies of "creditworthiness" and the impact of the false information reporting on Plaintiff's credit report). Thus, Plaintiff has no present reason to expect that his son, daughter or daughter-in-law would provide any relevant testimony on the claims or defenses in this matter and are being identified by Experian merely to bolster its motion to move away from its home forum.

Experian's contention that third party witnesses who would know about the false information that Experian sold about Plaintiff, as well as Plaintiff's resulting harm, can only be located in the Maine is simply false. As noted above (at pgs. 11-12, *supra*, and in Ex. 12), Experian sold false credit information about Plaintiff to third parties all across the county. Several of these parties are subject to compulsory process within the Central District of California. (*See* Exs. 10-12).

**(8) the ease of access to sources of proof.**

Most of the documents in this case will be exchanged electronically, which is typical in FCRA cases. With its Initial Disclosures, Plaintiff turned over all of his documentation electronically, and awaits Defendant to supplement its Initial Disclosures with the same. Although some additional documents will likely be exchanged in discovery, productions are electronic and the venue of the case will neither assist nor hinder the exchange of documents.

13

As noted above, Experian's corporate representatives and witnesses for this case are located in Orange County, California, and can easily attend hearings or a trial in this Court. (*See supra* at pgs. 4-5). Any other Experian witness according to the motion to transfer would be in Texas (Def. Mem. at pgs. 7-8), which is closer to this District then to the District of Maine. Plaintiff has obviously availed himself to this Court's jurisdiction. If he does not appear in the Central District of California (which of course he will), Experian will win the case.

Thus within this District both Plaintiff and Experian will have ease of access of sources of proof. That cannot be said of the District of Maine because Experian has never produced representatives and witnesses in the District of Maine, or any other foreign jurisdiction for that matter, because its regular corporate representatives and witnesses in FCRA mixed file cases are located right here in the Central District of California. (*See supra* at pgs. 5-6).

Factor 8, therefore, also weighs in Plaintiff's favor.

**(9) the presence of a forum selection clause.**

This factor is not applicable in the case at bar.

**(10) the relevant public policy of the forum state, if any**.

Both California and Maine would have an interest in enforcing the consumer protection laws at issue in this case, but since the governing law (the FCRA) is a federal law it cannot be said that either state has a more compelling interest. The Central District of California arguably has a stronger interest in regulating Experian because Experian is a national credit reporting agency headquartered here.

Notably, the interests of judicial economy strongly favor this case remaining in the Central District of California. This case has been pending for five months, has had two court conferences, has been submitted for a date certain settlement conference with a Magistrate Judge and has been assigned a firm pretrial conference and trial date. Defendant now asks, months after substantively answering Plaintiff's Complaint, that Plaintiff be required to start over in another

1 | jurisdiction and further delay his ability to redress Defendant's violations of the
2 | FCRA.
3 |      This factor weighs in favor of Plaintiff's position of litigating this matter in
4 | the Central District of California.
5 |      In sum, the balance of the relevant factors weighs in favor of Plaintiff and
6 | against transfer. It cannot be said that the relevant factors weigh *strongly* in favor
7 | of the transfer for which Experian advocates.
8 |      Finally, should this Court have any doubt about whether the Central District
9 | of California is an appropriate venue, it should permit discovery on the subject. *See*
10 | *Hurst v. Advanco Industries, Inc.*, Civ. No. 73-0862, 1973 WL 448, at *3 (N.D.
11 | Cal. Sept. 11, 1973) (deferring venue transfer motion "until pre-trial discovery is
12 | completed"). Experian inaccurately argues that in a motion to transfer venue "the
13 | non-moving party is not entitled to discovery relating to the propriety of the transfer
14 | for purposes of opposing a § 1404(a) motion. *See Saleh v. Titan Corp.*, 351 [sic] F.
15 | Supp. 2d 1152, 1169 (S.D. Cal. 2005)." *Saleh*, which is actually published at 361
16 | F. Supp. 2d 1152, simply holds that venue discovery is in the discretion of the
17 | District Court. After reviewing cases that both allowed and disallowed venue
18 | discovery, the *Saleh* Court concluded that venue discovery was not appropriate in
19 | that case, not in all cases. Plaintiff here is confident that discovery will show that
20 | the Central District of California will be the location most convenient for this case,
21 | and that Defendant will in fact have easy access to its representatives, witnesses,
22 | Plaintiff and any necessary third parties.

## IV. <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff Robert Kierstead respectfully request that this Court deny Defendant's motion to transfer venue.

Dated:  March 21, 2011

Respectfully submitted,

*/s/ William J. Wall*
William J. Wall
THE WALL LAW OFFICE
9900 Research Drive
Irvine, CA  92618
Telephone:   (949) 387-4300
Facsimile:    (800) 722-8196

*Attorney for Plaintiff*
*Robert Kierstead*

16