1   Eric J. Hardeman (State Bar No. 253489)
    ejhardeman@jonesday.com
2   JONES DAY
    3161 Michelson Dr., Ste 800
3   Irvine, CA  92612
    Telephone:   (949) 851-3939
4   Facsimile:   (949) 553-7539

5   Attorney for Defendant
    EXPERIAN INFORMATION SOLUTIONS,
6   INC.

7

8               **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  ROBERT KIERSTEAD                    )
                                        )   Case No.: 10-cv-1694 AG (MLGx)
12         Plaintiff,                   )
                                        )
13         vs.                          )
                                        )   **REPLY IN SUPPORT OF**
14  EXPERIAN INFORMATION                )   **MOTION TO TRANSFER**
    SOLUTIONS, INC.                     )   **VENUE PURSUANT TO 28 U.S.C.**
15                                      )   **1404(a)**
                                        )
16         Defendant.                   )   **Date:    April 11, 2011**
                                        )   **Time:    10:00 a.m.**
17                                      )   **Place:   Courtroom 10D**
                                        )   **Judge:   Hon. Guilford**
18                                      )
                                        )
19                                      )
                                        )
20  _____        )

21

22

23

24

25

26

27

28

IRI-18426v1

Experian Information Solutions, Inc. ("Experian") hereby provides the following Reply Brief in Support of its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a):

## INTRODUCTION

Plaintiff takes the position that litigating in his home forum would be less convenient than litigating in California.  However, instead of focusing on the ease and convenience of litigating the instant case in his home forum, Plaintiff devotes his Opposition to discussing what might have been convenient in other cases with different plaintiffs, different defendants, different claims, and different witnesses. Motions to transfer venue pursuant to Section 1404(a) are determined by an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation omitted).

Although Plaintiff's Opposition broadly claims that this litigation would proceed less conveniently in Maine than in this District, the arguments of his attorneys are the only evidence he submits in support of these contentions. Incredibly, he has not submitted any declarations to establish a basis of personal knowledge of the "facts" set forth in his Opposition, nor to authenticate the exhibits filed in support thereof.  *See* FRE 602, 901.  This is in direct contravention to the Local Rules, Experian hereby objects to these "facts" and documents, and the Court should disregard these matters in the absence of declarations that comply with the Local Rules and the Federal Rules of Civil Procedure.  *See* L.R. 7-6, 7-7, and 7-9. All the while, there is no discussion of the specific reasons why it would be more costly for Plaintiff to litigate this case in Maine.  Plaintiff even fails to establish that he has any contacts with this forum beyond his bald contention that " 'contacts' in FCRA cases are an elusive concept."  Pfl's Opp. at 12:2-3.  This belies the fact that his attorneys Francis & Mailman are simply attempting to forum shop on behalf of their client.  As Experian will explain, the Court should transfer this case to the District of Maine.

1    <u>**ARGUMENT**</u>

2    I.    **THIS LITIGATION WILL PROCEED MORE CONVENIENTLY IN**

3    **MAINE.**

4        **A.    THIRD PARTY WITNESSES ARE LOCATED IN MAINE.**

5        Plaintiff attempts to brush aside the issue of third party witnesses in this case

6    with knowledge of his claims that are located in Maine.  First, Plaintiff attempts to

7    distract the Court from the Maine resident witnesses such as his son and daughter

8    and the Maine-based credit application inquiries on his credit file by discussing

9    "other types of inquiries," which Plaintiff suggests have been provided to others

10   without a permissible purpose under the FCRA.  *See* Plf.'s Opp., pg. 7-8.

11   Plaintiff's suggestion that discovery from these entities is necessary is

12   disingenuous, because Plaintiff brings no claims against Experian in this case under

13   15 U.S.C. Section 1681b (governing permissible purposes for receiving consumer

14   credit information).  Nor do these entities have any bearing on his defamation

15   claim, which Plaintiff admits is "largely pled in the alternative."  *See* Plf.'s Opp, at

16   10:13-14.  These are not third party witnesses with knowledge of Plaintiff's claims

17   in this case, Plaintiff does not claim that they are in his Opposition**,** and Plaintiff

18   does not list these entities in his Initial Disclosures.  *See* Supplemental Declaration

19   of Eric J. Hardeman ("Supplemental Hardeman Decl."), Ex. 3 (Plaintiff's Initial

20   Disclosures).

21       Plaintiff also largely ignores the issue of his son and daughter having

22   knowledge of his claims.  Instead, he broadly argues that his family has no

23   knowledge of the facts and claims at issue in this lawsuit or of his emotional

24   distress damages.  Not only does he fail to submit a single declaration establishing a

25   factual basis for these contentions, his arguments are in direct contravention to his

26   description of the case set forth in the Joint Rule 26(f) Report.  *See* Docket No. 10,

27   ("Joint Rule 26(f) Report") at 2:17-20 ("Plaintiff as a result has been denied a

28   personal loan through Evergreen Credit Union in order to financially assist his

daughter in building an addition onto her house so that her entire family could be accommodated.").

In addition, Plaintiff fails to address Experian's argument regarding the likely presence of third party witnesses in the State of Maine with knowledge regarding his emotional distress damages.  Plaintiff does not deny that such witnesses, including his son and his daughter, are likely located in Maine.  Witnesses with knowledge of Plaintiff's alleged emotional distress damages are particularly important to Experian's defense of this lawsuit, since certain courts have held that a consumer's emotional distress damages alone can constitute "actual damages" under the FCRA.  *See Dennis v. BEH-1, LLC,* 504 F.3d 892, 895 (9th Cir. 2007).  Experian anticipates Plaintiff will take this position in this lawsuit, regardless of the forum in which this case ultimately proceeds.  Accordingly, Experian's ability to take discovery from witnesses with knowledge of these damages and call these witnesses at trial is of particular importance in this case.

Plaintiff also incorrectly suggests that the persons with knowledge of his Maine-based credit applications are subject to a trial subpoena from this Court simply because these companies have a presence in California.  Plf.'s Opp., p. 13.  Plaintiff fails to understand the territorial limits of a trial subpoena served on a corporation.  Under the Federal Rules, a subpoena for attendance at trial must issue from the district in which the trial is to be held.  *See* F.R.Civ.P. 45(a)(2)(A).  However, corporate designee witnesses with knowledge of a particular transaction or occurrence cannot be compelled to testify outside the limitations that would apply if that person were personally served with a subpoena.  *See Cates v. LTV Aerospace Corp.*, 480 F.2d 620, 623 (5th Cir. 1973); *Price Warehouse LLP v. First American Corp.,* 182 F.R.D. 56, 61-62 (S.D.N.Y. 1998).  It should further be noted that Plaintiff does not argue that his son and daughter are subject to a trial subpoena by this Court.

It has long been recognized that "[t]o fix the place of trial at a point where

IRI-18426v1

3

1    litigants cannot compel personal attendance and may be forced to try their cases on

2    deposition, is to create a condition not satisfactory to the court, jury, or most

3    litigants." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511, 67 S. Ct. 839 (1947)

4    *superseded by statute on other grounds as recognized in Hartford Fire Ins. Co. v.*

5    *Westinghouse Elec. Corp.*, 725 F.Supp. 317 (S.D. Miss. 1989).  While Experian has

6    described the third parties it requires discovery from that are located in Maine,

7    Plaintiff has identified no third parties he requires discovery from that are located in

8    this District.  Trying this case on a series of third party depositions would be

9    inconvenient, and is generally disfavored by courts.

10        **B.      PLAINTIFF HAS THE SAME ACCESS TO SOURCES OF**

11               **PROOF IN MAINE AS HE DOES IN THIS DISTRICT.**

12        Plaintiff makes the assertion that Experian's documents relating to Plaintiff

13    in this case are located in Orange County, California, in support of his argument

14    that venue is more appropriate in this District.  *See* Plf.'s Opp. at 2:13-14.  If

15    Plaintiff or his attorneys have any personal knowledge regarding this claim, there

16    are not any declarations filed in support of it.  To the contrary, Experian's

17    documents regarding Plaintiff's credit file are located in Allen, Texas, and can be

18    easily produced at trial and in discovery. Centanni Decl., ¶7.  Incredibly, Plaintiff

19    later admits in his Opposition that there is no issue with the ability to access

20    Experian's documents  because of the ease and ability of providing such documents

21    electronically.  Plf.'s Opp. at 13:23-28[1].

22        Plaintiff also disingenuously argues that Francis & Mailman has previously

23    held Experian's depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) in

24    the district where Experian's corporate designees are located for Experian's

---

[1] Plaintiff claims that he electronically served his Initial Disclosures and supporting documents prior to filing his Opposition.  However, Experian's counsel did not receive these documents until after he sent an e-mail to Plaintiff's counsel inquiring as to the accuracy of this representation.  *See* Supp. Hardeman Decl., ¶¶2-4, Ex. 1-3.  It should further be noted that the unauthenticated document Plaintiff claims is his Initial Disclosures (Plf.'s Exhibit No. 9) is markedly different from the Initial Disclosures provided to Experian's counsel (Supp. Hardeman Decl., Ex. 3).

IRI-18426v1                                    4

1  convenience, and that therefore venue is more convenient in this district.  *See* Plf.'s

2  Opp. at 5:6 – 6:8.  This is not a courtesy to Experian, given the well recognized

3  presumption that the deposition of a corporate defendant pursuant to Rule 30(b)(6)

4  takes place at the corporation's principal place of business.  *See Magnus*

5  *Electronics, Inc. v. Masco Crop. of Indiana,* 871 F.2d 626, 630 (7th Cir. 1989);

6  *Dwelly v. Yamaha Motor Corp.,* 214 F.R.D. 537, 541 (D. MN 2003) (requiring a

7  Rule 30(b)(6) deposition to take place at the defendant's principal place of business

8  in Japan).

9        Plaintiff argues that his lawyers Francis & Mailman have deposed two of

10  Experian's 30(b)(6) witnesses in California in the past.  One of these witnesses,

11  David Browne, has been on an extended leave of absence for nearly a year and

12  would not be designated to testify on Experian's behalf in this case under any

13  circumstance because of his unfamiliarity with the facts.  Centanni Decl., ¶5.  The

14  next witness Plaintiff focuses on is Kathy Centanni.  Ms. Centanni manages

15  employees in California, Illinois, and at the location of Experian's National

16  Consumer Assistance Center in Allen, Texas. Centanni Decl., ¶4.  Ms. Centanni has

17  offered deposition testimony both in California and in Texas.  *Id.*

18        Plaintiff has identified no other witnesses in California who might potentially

19  testify in this case other than Ms. Centanni.  Moreover, Plaintiff's access to her

20  testimony is the same regardless of whether this case proceeds in California or

21  Maine, as Ms. Centanni would be deposed at Experian's principal place of business

22  as a Rule 30(b)(6) corporate designee.  It should also be noted that Francis &

23  Mailman almost exclusively takes the depositions of Experian's 30(b)(6) witnesses

24  telephonically, which further undercuts Plaintiff's argument that his access to

25  sources of proof would be somehow limited if this case were to proceed in Maine.

26  Moreover, there is no issue with respect to the trial availability of Experian's Rule

27  30(b)(6) witnesses if this case proceeds in Maine, as these party witnesses would

28  have to appear for trial regardless of where the case proceeds.  In contrast, the third

1    party witnesses described above would not be subject to a trial subpoena from this

2    Court.

3         Finally, Plaintiff attempts to argue that the ability of Experian's corporate

4    representatives to attend court ordered conferences is a factor determining whether

5    transfer is appropriate.  Plaintiff cites no authority for this proposition.  Moreover,

6    Plaintiff is incorrect in his contentions that Experian's corporate representatives

7    "routinely request[]" to be excused from court appearances in cases with Francis &

8    Mailman in an effort to avoid court obligations.  While Experian's representatives

9    have participated by telephone with respect to certain matters, its representatives

10   appear in person when the Court requires their personal appearance.

11   **II.**   **THE UNREPORTED AUTHORITY PLAINTIFF CITES TO DOES**

12          **NOT WEIGH IN FAVOR OF TRANSFER.**

13        Plaintiff resorts to citing a litany of unreported opinions regarding motions to

14   transfer venue that do not even stand for the propositions that Plaintiff describes.

15   *See* Plf.'s Opp. at p. 2, n.1.  Not surprisingly, Francis & Mailman is listed as the

16   attorney of record for the plaintiffs in many of these cases.

17        Most notably, Plaintiff relies on *Harms v. Experian Information Solutions,*

18   *Inc.,* 2007 WL 1430085 (N.D. Cal. 2007) throughout his motion for the proposition

19   that the Central District of California is the more appropriate venue for this case.

20   The *Harms* case involved a class action and findings of forum shopping on the part

21   of the plaintiffs' lawyers.  The plaintiffs' lawyers originally filed a class action in

22   the Central District of California, which the plaintiffs dismissed after the class

23   allegations were stricken from the complaint.  *Id.* at *2.  Instead, the plaintiffs'

24   lawyers found a different class representative and simply filed their class action in a

25   different district.  *Id.*

26        The *Harms* court granted Experian's motion to transfer after finding that the

27   plaintiff's attorneys had engaged in forum shopping.  *Id.*   The only similarity

28   between *Harms* and this case is that Plaintiff is forum shopping, which tips the

IRI-18426v1                                    6

1   interests of justice "strongly in favor of transferring this action." *See Id.* at *2.  It

2   should further noted that the *Harms* case is distinguishable because it was a class

3   action with a national scope, and involved claims and evidence that were materially

4   different from the issues in this case.  Whereas Plaintiff alleges that Experian

5   impermissibly mixed his information with the information of his Maine resident

6   son in violation of the FCRA and state common law, the *Harms* plaintiffs alleged

7   that Experian had reported misleading information regarding the plaintiffs'

8   respective home equity lines of credit.  *Id.* at *1.  While this District was proper

9   given the nature of the circumstances in *Harms*, the "case-by-case consideration of

10  convenience and fairness" dictates that the proper venue in this case is Maine given

11  the presence of witnesses in Maine with knowledge of Plaintiff's FCRA and

12  defamation claims.  *See Jones, supra,* at 498.  Moreover, the court's ruling in

13  *Harms* suggests that a court may take the conduct of a plaintiff's attorney into

14  account when determining whether forum shopping has occurred.  *See Infra,* at III.

15       *Smith v. Hireright Solutions, Inc.*, *LLC*, 2010 WL 2270541, (E.D. Penn.

16  2010), another case cited by Plaintiff in his Opposition, involved a class action

17  against a defendant credit reporting agency with its corporate headquarters located

18  in Oklahoma.  *See Id.* at *4.  The defendant's computer systems, consumer

19  assistance center, and documents were also located in Oklahoma.  *Id.*  The plaintiff

20  in *Smith* was a Pennsylvania resident, and was represented by Francis & Mailman,

21  the attorneys for Plaintiff in the instant action.   Incredibly, the plaintiff opposed the

22  Motion by arguing that the claims at issue arose in the state of State of

23  Pennsylvania, where the plaintiff resided.  *Id.* at *5.  This is precisely the opposite

24  argument that Plaintiff's attorneys make on his behalf in this case.  Moreover,

25  *Smith* is distinguishable from the instant case because it involved claims brought on

26  behalf of class members throughout the nation, which the court found could

27  potentially be based on information in every state.  *Id.* at *5.  This case is further

28  distinguishable because, whereas the *Smith* defendant's systems and consumer

1   assistance center were located in the same district as its corporate headquarters,

2   here, Experian's National Consumer Assistance Center, its credit reporting

3   databases, and its documents relating to Plaintiff's credit file are located in Texas,

4   and not in this District.

5          Plaintiff's citation to *Barela v. Experian Info. Solutions, Inc.,* 2005 WL

6   770629 (N.D. Il.. 2005) is another example of his attempt to mislead the Court.

7   *Barela* involved a motion to transfer venue brought by a defendant bank to its home

8   jurisdiction, not a credit reporting agency. *Id.* at *1.  Unlike Experian, the bank had

9   no offices outside its home jurisdiction, and all of its business was conducted there.

10  *Id.* at *1-2.  The *Barela* court further noted that the Plaintiff's home jurisdiction

11  might have also been the appropriate venue.  *Id.*

12         Plaintiff's citation to *Bollogama v. Equifax Info. Serv., LLC,* 2009 WL

13  4257910 (E.D. Penn. 2009) also is distinguishable from this case.  The *Bollogama*

14  court transferred Plaintiff's action to Georgia upon a showing by defendant Equifax

15  that its credit reports were issued in the district of its corporate headquarters, where

16  its credit reporting systems were located.  *Id.* at *3.  In contrast, Experian's credit

17  reporting systems and National Consumer Assistance Center are not located in this

18  District, Experian's credit reports are not issued from this District, and the

19  documents relating to Plaintiff's credit file are not stored in this District.

20         Plaintiff's most flagrant misstatement of law is his citation to *U.S. v. Syufy*

21  *Enterprises,* 1986 WL 13358 (N.D. Cal. 1986) for the proposition that a defendant

22  may not transfer a case out of the forum of its corporate headquarters.  Plf.'s Opp.

23  at 8:22-23.  This case made no such holding, and the defendant was subject to a

24  stricter standard than is Experian in this case.  *Syufy* involved an antitrust suit

25  brought against the defendant by the United States government.  The *Syufy* court

26  noted that the defendant had an "especially heavy burden to prompt transfer of an

27  antitrust case."  *Id.* at *2 (internal quotations omitted).  Experian is not subject to

28  this burden in the present case.  Further, the court noted that the government would

be inconvenienced by a transfer because it did not have an Antitrust Field Office in the Western United States outside of the government's chosen forum. *Id.* at *2.  In contrast, Plaintiff would face no such inconvenience if this case were transferred to his home forum.

III.  **THE HISTORY OF FORUM SHOPPING BY FRANCIS & MAILMAN P.C. SHOULD BE CONSIDERED.**

The *Harms* case, which Plaintiff so heavily relies on in support of his motion, stands for the proposition that a court may consider forum shopping on the part of a plaintiff's attorneys in assessing the propriety of transfer. *See Harms, Supra,* at *2. Plaintiff's counsel admitted that Francis & Mailman is essentially forum shopping in this District. *See* Declaration of Eric J. Hardeman, ¶3.  Historically, Francis & Mailman have filed nearly all of their cases in the Eastern District of Pennsylvania, and Experian noticed within the past few years that more and more of Francis & Mailman's clients do not reside in Pennsylvania and have no connection to Pennsylvania.   Francis & Mailman began filing some cases in the District of New Jersey after Experian began to challenge their choice of venue in Pennsylvania.

Francis & Mailman claimed that New Jersey was a proper venue because Experian maintains a sales office in that state.  Now, after Experian challenged the New Jersey venue several times where the Plaintiff had no connection to New Jersey, Francis & Mailman have chosen California as the new forum in which to file cases on behalf of consumers with no connection to this forum.   Forum shopping, even on the part of a party's attorney, should be discouraged.

IV.  **EXPERIAN'S HAS NOT UNREASONABLY DELAYED IN BRINGING THIS MOTION AND VENUE DISCOVERY IS UNNECESSARY.**

Finally, Plaintiff makes the self-contradictory arguments that Experian's Motion is untimely and should have been brought sooner, but that the Court should further delay any ruling on this Motion to permit venue-related discovery. *See*

IRI-18426v1                                                    9

Plf.'s Opp. at 14:24 - 15:2, *compare Id.* at 15:8-12.  Plaintiff has not shown that Experian unreasonably delayed in bringing its Motion, Plaintiff would not be prejudiced by a transfer, and Experian was not subject to a specific timeframe in bringing this motion.  *See, e.g., American Standard, Inc. v. Bendix Co.,* 487 F.Supp. 254, 261 (W.D. MO. 1980) (a defendant's § 1404(a) motion brought four years after the action was filed was not grounds for denial absent a showing that the delay in filing the motion was a dilatory tactic or that the plaintiff would be prejudiced by the delay.).  To the contrary, Experian has acted diligently in bringing this Motion.  Though this case was filed in November, 2010 (Docket No. 1), Experian was not served until mid-December, 2010 (Docket No. 7).  Experian Answered Plaintiff's Complaint on January 3, 2011.  *See* Docket No. 5.  Experian did not receive information from Plaintiff's attorney sufficient to locate Plaintiff in its credit database until January 11, 2011, a process that can take up to thirty days before its completion.  Supp. Hardeman Decl., ¶1.  After thoroughly conducting the necessary research regarding this Motion, Experian promptly filed it on March 11, 2011.  No discovery has yet been taken in this case.  Moreover, any such venue discovery would be unnecessary to determining the propriety of transfer in this case, and would only serve to delay the proceedings.

## CONCLUSION

For the foregoing reasons, Experian respectfully requests that the Court grant its Motion to Transfer Venue, and transfer this case to the District of Maine.

Dated:  March 25, 2011                    Respectfully submitted,


                                          /s/ *Eric J. Hardeman*
                                          Eric J. Hardeman
                                          JONES DAY
                                          3161 Michelson Drive, Suite 800
                                          Irvine, CA  92612
                                          Telephone:  (949) 553-7545
                                          Facsimile:   (949) 553-7539

                                          *Attorneys for Defendant*
                                          *Experian Information Solutions, Inc.*

IRI-18426v1