JS - 6

"O"

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT KIERSTEAD,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>    Defendant. | CASE NO. SACV 10-1694 AG (MLGx)<br><br>ORDER GRANTING MOTION TO TRANSFER |

Plaintiff Robert Kierstead ("Plaintiff"), a Maine resident, filed this lawsuit for violations of the Fair Credit Reporting Act ("FCRA") after being denied credit in Maine. Defendant Experian Information Solutions, Inc. ("Defendant") now moves to transfer the case to Maine (the "Motion"). After considering the parties' arguments, the Court GRANTS the Motion. This case is transferred to the District of Maine.

**BACKGROUND**

As noted, Plaintiff is a Maine resident. (Complaint ¶ 4.) Defendant, an Ohio corporation, is a consumer reporting agency with its corporate headquarters in Costa Mesa, California. (*Id.* ¶ 5; Declaration of Teresa Iwanski supporting Motion ("Iwanski Decl.") ¶¶ 3-5.) Defendant

maintains its "databases containing the information [Defendant] reports regarding consumers, including Plaintiff's information" in Texas. (*Id.* ¶ 5.) Defendant has communicated with Plaintiff exclusively from the Texas office. (*Id.* ¶ 7.)

Plaintiff alleges that (1) Defendant has been reporting derogatory and inaccurate statements and information about Plaintiff and his credit history to third parties; (2) Defendant mixed Plaintiff's credit file with that of another consumer due to faulty procedures; and (3) Plaintiff lost credit opportunities and suffered emotional pain due to the inaccurate credit statements. (Complaint ¶¶ 4, 8, 11-12) Defendant suggests that Plaintiff's credit file was mixed with the credit information of Plaintiff's son. (Iwanski Decl. ¶ 9.)

Based on these factual allegations and others, Plaintiff brings two claims for relief: (1) Violations of the FCRA; and (2) Defamation. As noted, Defendant now moves to transfer the case to the District of Maine.

**LEGAL STANDARD**

A court may transfer an action "to any other district or division where it might have been brought" for "the convenience of parties, witnesses and in the interest of justice." 28 U.S.C. § 1404(a). Because the "[w]eighing of the factors for and against transfer involves subtle considerations," a district court possesses substantial discretion under Section 1404(a). *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).

To determine whether an action should be transferred, a court performs a two-step analysis. First, the court determines whether the action might have been brought in the potential transferee court. *Id.; see also Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). Second, if the action could have been brought in the potential transferee court, then the court performs an "individualized, case-by-case determination of convenience and fairness" to determine whether the case should be transferred. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). This analysis weighs (1) the convenience of the parties and witnesses and (2) the interest of justice. 28 U.S.C. § 1404(a); *see also Stewart Org.*, 487 U.S. at 29. The moving party bears the burden

of showing that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

**ANALYSIS**

**1.    WHETHER THE ACTION COULD HAVE BEEN BROUGHT IN THE DISTRICT OF MAINE**

As a threshold inquiry, the Court must determine whether this action could have been brought in the District of Maine. The answer is yes. Plaintiff brought this case under the FCRA, so the District of Maine would have had federal question jurisdiction over this matter. Further, Defendant admits that it is subject to personal jurisdiction in Maine because of the business it conducts in the state. (Motion 5:3-5.) Venue is also proper in Maine because a substantial part of the events occurred in Maine. Finally, the parties appear to agree that the action could have been brought in the District of Maine. Defendant therefore satisfies this threshold inquiry.

**2.    INDIVIDUALIZED, CASE-BY-CASE DETERMINATION OF CONVENIENCE AND FAIRNESS**

The Court will now consider whether (1) the convenience of the parties and witnesses and (2) the interest of justice favor transfer to Maine.

**2.1    Whether the District Court of Maine is the More Convenient Forum for the Parties and Witnesses**

After confirming that the action could have been brought in the potential transferee court, a court determines whether the potential transferee court is more convenient for the parties and witnesses. To make this determination, a court considers the following factors: (1) the location

where the relevant agreements were negotiated and executed, (2) the forum that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contact with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The Court now reviews these factors.

### 2.1.1   First Factor: Location of Relevant Agreements

This factor is irrelevant because there was no agreement between the parties.

### 2.1.2   Second Factor: Forum Most Familiar with the Governing Law

Plaintiff's primary claim is that Defendant violated the FRCA.  The FRCA is a federal statute, and both the Central District of California and the District of Maine are equally equipped to adjudicate FRCA claims.  Thus, this factor is neutral as to the federal claim.

But Plaintiff's Complaint also includes a common-law defamation claim.  While the Court need not now decide which state law will apply, there is a strong possibility that Maine state law will ultimately apply, in this case brought by a Maine resident, even if the case is heard in California.  And Maine state law will almost definitely apply if the case is heard in Maine. The District of Maine would be better equipped to resolve a Maine state law defamation claim. Thus, this factor weighs slightly in favor of transfer.

### 2.1.3   Third Factor: Plaintiff's Choice of Forum

Plaintiff has chosen to litigate this case in this District.  Generally, Plaintiff's choice of forum is given at least some deference.  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

Here, Defendant argues that Plaintiff's choice of forum is not entitled to deference because "[P]laintiff does not reside in this [D]istrict, the facts did not occur in this [D]istrict, and the [D]istrict does not have a local interest." *Pfeiffer v. Himax Techn., Inc.*, 530 F.Supp.2d 1121, 1123-24 (C.D. Cal. 2008). But unlike the defendants in *Pfeiffer*, Defendant in this case maintains its corporate headquarters in this District, and this District has an interest in local agencies complying with the FRCA. Thus, Plaintiff's choice of forum is entitled to deference. This factor weighs against transfer.

### 2.1.4   Fourth Factor: The Parties' Contact with the Forum

Both parties argue that this factor weighs in their favor. Defendant argues that "[t]he fact that Plaintiff has no connection to this District militates in favor of transfer." (Motion at 6:23-24.) But Plaintiff argues that because Defendant maintains its headquarters in the Central District of California and its witnesses are also located here, this factor favors Plaintiff. (Opp'n at 11:22-27.) The Court disagrees with both Defendant and Plaintiff. While it is true that Plaintiff's only contact with this forum is this lawsuit, and that Defendant's headquarters are located in this District, neither party convincingly argues that this factor is anything but a draw. Thus, this factor is neutral.

### 2.1.5   Fifth Factor: Contacts Relating to the Plaintiff's Claim

With the exception of filing this lawsuit in the Central District of California, Plaintiff has had no contact with this forum. His claims all relate to contacts with Maine and not the Central District of California. Plaintiff is a Maine resident. His credit denials occurred in Maine. His communications with Defendant occurred between Maine and Texas. Plaintiff cannot avoid this outcome by arguing that contacts are "an elusive concept." (Opp'n at 12:2.) His argument that contacts are difficult to assess is entirely unconvincing given the facts here. Further, the location of Defendant's headquarters is largely unimportant here because Plaintiff's claims involve

events in Maine and not California. This factor weighs in favor of transfer.

### 2.1.6   Sixth Factor: Differences in the Costs of Litigation

Defendant argues that (1) a number of possible third-party witnesses are located in Maine, including Plaintiff's son and daughter and (2) Plaintiff, a Maine resident, would incur less costs litigating in Maine (Motion at 7:1-8:13). Plaintiff argues that litigation in this District would be less costly because Defendant's headquarters and relevant party representatives are located here. (Opp'n at 12:17-27.) But Plaintiff fails to present any admissible evidence, a flaw marring Plaintiff's entire Opposition, for the proposition that the witnesses Defendant will make available will come from the California. In fact, Defendant presents admissible evidence to the contrary, stating that its records regarding Plaintiff are located in Texas, and that Defendant's interaction with Plaintiff all involve Defendant's Texas location. (Iwanski Decl. ¶¶ 5-7.)

After reviewing the admissible evidence, Plaintiff's residence in Maine and the presence of potential third-party witnesses in Maine both show that litigation will be less costly in Maine. Defendant's ability to name these third-party witnesses is what distinguishes this case from *Martin v. Experian Information Solutions, Inc.,* No. SACV 10-1705-JST (MLGx). (Plaintiff's Notice of Supplemental Authority, Ex. A.) This factor weighs in favor of transfer.

### 2.1.7   Seventh Factor: Availability of Compulsory Process

Defendant argues that key non-party witness are not subject to the subpoena power of Central District of California because they are located in Maine. (Motion at 8:14-15.) These witnesses include Plaintiff's son and daughter, Evergreen Credit Union, and NCC Inc./Quick Chevrolet. (*Id.* at 7:11-13, 27-8:1; Iwanski Decl. ¶¶ 8, 9.)

Plaintiff argues that his son and daughter could not testify as to merits or damages in this case, and therefore they should not be considered under this factor. (Opp'n at 13:7-11.) But Plaintiff fails to address Defendant's argument that these family members could have knowledge

of Plaintiff's emotional distress damages, and therefore may provide highly relevant testimony.

Additionally, Plaintiff argues that several of the third parties to whom Defendant sold Plaintiff's credit information are located in the Central District of California. (Opp'n at 13:18-21.) But once again, Plaintiff does not cite any admissible evidence for this proposition. Given the existence of third-party witnesses in Maine, and the Central District's lack of subpoena power over them, this factor weighs in favor of Defendant.

### 2.1.8   Eighth Factor: Ease of Access to Sources of Proof

Defendant argues that "all of Plaintiff's documents relating to this action would be located in the State of Maine." (Motion at 8:23-24.) Further, Defendant presents evidence that its own documents relating to this case are located in Texas. (Iwanski Decl. ¶¶ 5-7.) Even though Plaintiff argues that most of Defendant's evidence will be located in the Central District of California, Plaintiff again fails to cite any admissible evidence to contradict Defendant's contrary assertion that Defendant's relevant evidence is located in Texas. (*Id.*) Thus, this factor also weighs in favor of Defendant.

### 2.1.9   Conclusion

Only one of the eight convenience factors weighs in favor of Plaintiff—Plaintiff's forum choice—the others either favor Defendant (4) or are neutral (2). Thus, convenience favors transfer to Maine.

## 2.2   Whether Transfer to the District of Maine Will Further the Interests of Justice

In performing a § 1404(a) analysis, a court is not restricted to mechanically counting the factors for and against transfer. Instead, a court looks broadly at the unique facts and

7

1 circumstances of each case. *Jones*, 211 F.3d at 498. In fact, the interest of justice, and
2 especially the consideration of judicial economy, "is the most important factor of all" and "may
3 be determinative to a particular transfer motion, even if the convenience of the parties and
4 witnesses might call for a different result." *Regents of the University of Cal. v. Eli Lilly and Co.*,
5 119 F.3d 1559, 1565 (D.C. Cir. 1997). The interest of justice includes "ensuring speedy trials"
6 and "trying related litigation together." *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d
7 1286, 1293 (7th Cir. 1989).

8 Plaintiff argues that judicial economy disfavors transfer because "[t]his case has been
9 pending for five months, has had two status conferences, has been submitted for a date certain
10 settlement conference with a Magistrate Judge and has been assigned a firm pretrial conference
11 and trial." (Opp'n at 14:23-27.) Defendant argues that no discovery has been taken yet. (Reply
12 at 10:15-16.) Defendant also disputes Plaintiff's indirect charge of Defendant unduly delaying
13 its motion to transfer. (*Id.* at 9:26-10:15.)

14 The Court agrees with Defendant that there was no undue delay. Even though
15 Defendant's Motion came five months after the case began, Defendant had already alerted
16 Plaintiff and the Court at the scheduling conference of its intent to transfer this case. Further,
17 there has been no discovery, and the parties have not filed any substantive motions. All that has
18 happened is a scheduling conference and a status conference. Thus, this case has not progressed
19 to the point where a transfer to Maine would disrupt judicial economy. And for the reasons
20 previously discussed, transfer will actually improve judicial economy. Thus, transfer to the
21 District of Maine will further the interest of justice.

22 Lastly, Plaintiff attaches a number of deposition transcripts, emails, letters, and court
23 filings in previous cases involving Defendant. (Opp'n at 6-8, Exs. 1-8.) Plaintiff cites these
24 documents to argue that Defendant is talking out of both sides of its mouth. Specifically,
25 Plaintiff argues that (1) Defendant usually designates witnesses from its California office in
26 mixed-file cases, (2) Defendant typically requests depositions to be taken in the Central District
27 of California, and (3) Defendant frequently requests that its corporate representative be excused
28 from court appearances in other jurisdictions. (*Id.*) First, none of these documents is admissible

evidence due to Plaintiff's failure to submit a declaration establishing personal knowledge of facts in the Opposition or to authenticate the attached exhibits. *See* Federal Rules of Evidence 602, 901; Local Rules 7-6, 7-7. Further, even if these documents are admissible, events in previous cases only minimally impact the individualized determination required for a motion to transfer. And lastly, since Defendant is the party now moving to transfer this case to Maine, it will likely have a difficult time making any arguments that its California representatives are unavailable to testify in Maine. Thus, Plaintiff's arguments about past cases do not change the fact that transfer to the District of Maine will further the interest of justice in this case.

**2.3    Conclusion**

This action could have been brought in the District of Maine. The relevant factors show that the District of Maine is a more convenient forum for the parties and witnesses. Transfer to the District of Maine clearly will further the interest of justice. Thus, transfer is appropriate.

**DISPOSITION**

The Court GRANTS the Motion.

IT IS SO ORDERED.

DATED: April 11, 2011

                                                                                                                         _____
                                                                                                                          Andrew J. Guilford
                                                                                                United States District Judge